OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, to the extent of granting summary judgment to plaintiffs-appellants annulling the declaration of effectiveness of the eviction plan for co-operative conversion of Alwyn Court, and the case remitted to Supreme Court for further proceedings. The question certified should be answered in the negative.
The critical issue on this appeal (as to which the Appellate Division, notwithstanding that it later granted leave to appeal to our court, expressed no opinion) is whether, on the date the declaration of effectiveness of the eviction plan for co-operative conversion of Alwyn Court was filed with the Attorney-General, a sufficient number of tenants in occupancy of the building known as Alwyn Court had agreed to purchase their residential apartments to warrant the declaration that the proposed plan was effective under the applicable provisions of the Rent Stabilization Law and Code of the Rent Stabilization Association of New York City, Inc. (Code). It is unquestioned that 35% is the critical level; the parties differ as to the base group of tenants against which this percentage is to be applied.
Section 61 (subd 4, par [a]) of the Code, one of the applicable provisions, reads in part: “In establishing a base for computing the required 35 percent all residential apartments in the building shall be included”. Recognizing that the interpretations placed on the law and Code sections by the Attorney-General have not always been consistent and that such sections are far from a model of *655 drafting clarity, we conclude that, for the purposes of this case, the quoted sentence should be read as mandating at least that there be agreements to purchase on the part of 35% of the tenants in occupancy of all residential apartments in the building, including apartments subject to rent stabilization and apartments subject to rent control. Inasmuch as it is undisputed that there was a failure to meet that requirement in this instance and the issues in contention have largely been resolved for the future in consequence of the enactment of chapter 555 of the Laws of 1982, there is no necessity for us to reach the other questions tendered by the parties.
Plaintiffs are therefore entitled to a declaration that, inasmuch as the requirements of the Rent Stabilization Law and Code were not met, the acceptance for filing of the declaration of effectiveness of the eviction plpn for cooperative conversion of Alwyn Court, as amended, be vacated and set aside. We determine no other issue, but remit the action to Supreme Court for such further proceedings as may be appropriate.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order modified, without costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.